b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET NO. 1:22-CR-00199 |
| VERSUS | DISTRICT JUDGE DRELL |
| KENNETH ALLEN MOODY A/K/A ADAM LITTLETON | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

The undersigned ordered Moody transported by the United States Marshal's Service to a Bureau of Prisons facility for a psychological evaluation on January 4, 2023. ECF No. 25. Dr. Samuel Browning, a forensic psychologist at the Bureau of Prisons Federal Medical Center in Fort Worth Texas advised the Court that Moody did not arrive at that facility until February 7, 2023. In a letter to the Court, Dr. Browning informally requested a seven-day extension of time for Moody's evaluation.[1] Dr. Browning explained that, because of the facility's policy to place all newly arriving inmates in quarantine for seven days, Moody's evaluation was delayed for seven days after his arrival.

Pursuant to 18 U.S.C. § 3161(h)(1)(F), a delay of more than 10 days for transportation to a place for psychiatric examination/hospitalization is presumptively

---

[1] The order for Moody's evaluation stated: "If necessary, and upon a showing of good cause, the director of the facility, through the Assistant United States Attorney, may apply for a reasonable extension of time pursuant to 18 U.S.C. § 4247(b)." It does not appear that the AUSA is aware of Dr. Browning's request for additional time.

unreasonable.[2] The courts and the prosecutors bear the primary burden to assure that cases are brought to trial. *See Barker v. Wingo*, 407 U.S. 514, 527-529 (1972) ("[S]ociety has a particular interest in bringing swift prosecutions, and society's representatives are the ones who should protect that interest."); *see also Zedner v. United States*, 547 U.S. 489 (2006); 18 U.S.C. § 3161(h)(7)(A). Thus, a court need not wait for a defendant to complain before it investigates a presumptively unreasonable delay in a criminal trial proceeding.

Because Moody waived his right to a Speedy Trial, any issue with regard to the 24-day delay in transporting Moody for his psychiatric/psychological examinations is moot.

IT IS ORDERED that the request for a seven-day extension of time to evaluate Moody is GRANTED. Moody's psychiatric and/or psychological evaluations will be completed on or before **March 31, 2023**. The psychiatric and/or psychological reports are due within **30 days** after the conclusion of the evaluation period.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this 23rd day of February 2023.

Joseph H.L. Perez-Montes
United States Magistrate Judge

---

[2] If a Defendant is sent to a BOP facility for evaluation, the AUSA is responsible for making sure the BOP designates a facility and transfers the Defendant timely, within the ten-day time limit set forth in 18 U.S.C. § 3161(h)(1)(F).